DECISION
Plaintiffs appeal concerning certain real property exemption matters for the 2008-09 tax year for Account R117072.
A case management conference was convened on January 19, 2010. Christian F. Rees participated for Plaintiffs. Lynne Gaska represented Defendant. Subsequently, written submissions were filed; the record closed February 22, 2010.
 I. STATEMENT OF FACTS
In the summer of 2008, Plaintiffs purchased the residence located at 2146 N. Blandena Street in Portland, Oregon. It involved "a couple of months of paperwork" (Ptfs' Compl at 3.) Plaintiffs received a key to the property on June 29, 2009, and began cleaning and hauling efforts the next day. The process was complicated by the surgery scheduled for their infant son on July 3 and the realtor's distant location. The real estate transaction officially closed on July 1, 2008. (Ptfs' Ltr, Jan 28, 2010.)
Plaintiffs applied for an Active Duty Military Service homestead exemption for the 2008-09 tax year. It was denied by Defendant on August 24, 2009 because "[c]ounty records show ownership after June 30, 2008." (Ptfs' Compl at 2.) *Page 2 
 II. ANALYSIS
ORS 307.286(1)[1] allows for a partial exemption (up to $60,000) for certain military personnel. According to Defendant, Christian Rees meets all necessary requirements save for one. Defendant contends that the property must be owned by June 30, 2008 at the latest, in order to qualify for the 2008-09 tax year. The property has been granted the exemption for the 2009-10 tax year.
ORS 307.286(2) speaks to tax years beginning on or after July 1, 2006. Subsection (3) refers to residential property that is "owned" by a qualified person.
Defendant cites OAR 150-307.286 (1)(b) which states that for purposes of ORS 307.286 the property:
 (b) [m]ust be owned by the qualifying service member prior to July 1 of the tax year for which the exemption is claimed."
The same language is repeated at OAR 150-307.289(2)(b) regarding the definition of a "homestead." It is clear that the operative latest date to first acquire ownership is June 30 of a given year.
It is unfortunate that the property first was officially "owned" by Plaintiffs on July 1, 2008. That is the first day of the next tax year. Plaintiffs are but one day late with their ownership to qualify. That is perhaps due to circumstances beyond their control. But the statutes and rules in this area do not allow for extensions of the June 30 cut-off date, even under the compelling facts presented by this case.
Plaintiffs have the burden of proof and must establish their case by a "preponderance" of the evidence. See ORS 305.427. A "[p]reponderance of the evidence means the greater weight *Page 3 
of evidence, the more convincing evidence." Feves v. Dept. of Revenue,4 OTR 302, 312 (1971). "[I]f the evidence is inconclusive or unpersuasive, the taxpayer will have failed to meet his burden of proof * * *." Reed v. Dept. of Rev., 310 Or 260, 265, 798 P2d 235 (1990). Plaintiffs have not met that statutory requirement in this record.
 III. CONCLUSION
Plaintiffs did not own the subject property prior to July 1, 2008. They are not entitled to the requested exemption for that tax year. Now, therefore,
IT IS THE DECISION OF THIS COURT that the appeal is denied.
Dated this ___ day of March 2010.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Jeffrey S. Mattson on March 17,2010. The Court filed and entered this document on March 17, 2010.
[1] All references to the Oregon Revised Statutes (ORS) and Oregon Administrative Rules (OAR) are to 2007.